## SPROUL v. JACKSON.

Court of Appeals of Kentucky.
Jan. 25, 1952.

J. B. Campbell, Barbourville, C. K. Calvert, Pineville, C. B. Pope, Barbourville, for appellant.

J. J. Tye, V. A. Jordan, Barbourville, for appellee.

CLAY, Commissioner.

Two independent lawsuits, arising out of the same series of transactions, are consolidated on this appeal. The Chancellor found for appellee in one case, and the jury returned a verdict for her in the other. If the Chancellor's decision was correct, both appeals must be affirmed.

The first suit was brought by appellee to have her title quieted to a tract of land which appellant was claiming. Appellee had in her possession a general warranty deed apparently executed by appellant on March 2, 1942. He contends this deed was a forgery. Appellee testified appellant delivered it to her, and the notary public whose name appears thereon testified that appellant executed it and acknowledged it in her presence. True samples of appellant's signature appear similar to that appearing on the deed.

The reason why this deed was executed, and the consideration, was shown to be the prior agreement of appellant to reconvey the same property which appellee's mother had conveyed to him. It is not necessary to go into the details of the transaction as we think the evidence was convincing that appellee's version of the preceding events is much more reasonable than appellant's.

Appellant insists he did not sign the deed. There was ample evidence to justify the Chancellor finding otherwise. Appellant next argues that an oral agreement to convey real estate cannot be enforced. The simple answer is that appellee is not attempting to enforce an oral agreement. She relies on an executed deed. It was properly adjudged valid, and therefore appellee has the title she claims.

After the judgment quieting appellee's title was entered, she paid off appellant's $700 note, which he had given to a bank, together with a mortgage on this property. This mortgage became effective after the date of the deed but before appellee had recorded it. It was therefore a valid lien upon the property. In the second suit to recover this $700, the jury found for appellee.

Appellant claims that in paying his note appellee acted as a volunteer. This is not true. Appellant wrongfully mortgaged appellee's property after he had conveyed it to her. To protect it she had a perfect right to remove this encumbrance. Having taken an assignment of the note, she was substituted as the creditor instead of the bank. Appellant had no defense to the note.

The judgments in both cases are affirmed.